People v Hernandez
2026 NY Slip Op 03641
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Kawan Hernandez, Defendant-Appellant.

Decided and Entered: June 09, 2026
Ind. No. 4771/09|Appeal No. 6824|Case No. 2023-05817|
Before: Moulton, J.P., Friedman, Pitt-Burke, Rosado, Michael, JJ.

The Legal Aid Society, New York (Samuel Claflin of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Skylar A. Seabert of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about October 19, 2023, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The SORA court providently exercised its discretion in declining a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]), and there is no basis to substitute our discretion and grant a downward departure to a level one adjudication. The mitigating factors cited by defendant, including his participation in treatment, his academic accomplishments while incarcerated, and his family and community support, were either taken into account by the risk assessment instrument or are outweighed by the seriousness of the underlying offenses involving sexual abuse and enabling a forcible rape during a home invasion (see People v Evans, 241 AD3d 1168, 1169 [1st Dept 2025]; People v McNeill, 220 AD3d 518 [1st Dept 2023], lv denied 41 NY3d 903 [2024]; People v Stucky, 174 AD3d 454, 455 [1st Dept 2019]). Defendant did not establish that his rehabilitative efforts were so exceptional as to warrant a downward departure (see People v Ferdinand, 237 AD3d 613, 614 [1st Dept 2025], lv denied 44 NY3d 904 [2025]; cf. People v Williams, 148 AD3d 540, 541-542 [1st Dept 2017]). Nor did he demonstrate that his familial and community support represents new or enhanced stability that was not present at the time of the offense (see People v Austin, 237 AD3d 572, 574 [1st Dept 2025]). Defendant's score near the bottom of the range for the level two designation, without more, is insufficient to warrant a downward departure (cf. People v Fisher, 177 AD3d 615, 616 [2d Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026